REGINALD L. WEEKS, PROSECUTOR, v. SOMERS L. DOUGHTY. DEFENDANT.

Decided May 18, 1925.

Landlord and Tenant—Eviction for Having, Unlawfully, Intoxicating Liquor—Judgment for Plaintiff—Defendant Presents Four Reasons for Reversal of Judgment—Want of Jurisdiction of District Court, Unconstitutionality of Section of Act, Lack of Jurisdiction to Direct Verdict for Defendant, Because Proceedings are Irregular, Illegal, Oppressive, Unjust—Court Finds it Unnecessary to Consider Constitutional Question, but Does Not Underestimate Its Importance— Judgment is Set Aside Because Affidavit Failed to Set Forth Facts From Which it was Made to Appear That the Possesion of the Liquor Was Unlawful, and Was Possessed for One of the Purposes Forbidden by the Statute.

On *certiorari* to the District Court of the city of Atlantic City.

Before Justices KALISCH, BLACK and CAMPBELL.

For the prosecutor, *John C. Reed.*

For the defendant, *William Elmer Brown, Jr.*

PER CURIAM.

The prosecutor was a tenant of the defendant under an oral lease of certain premises in Atlantic City. The latter brought an action in the Atlantic City District Court to evict the prosecutor, by proceedings instituted under the act entitled "An act concerning landlords and tenants."

The affidavit of the landlord sets forth that he is the owner of the premises Nos. 701 and 703 Baltic avenue in said Atlantic City, and that the prosecutor "is in possession of said premises by virtue of an agreement made on or about the 1st day of August, 1915," between them, "whereby deponent [the defendant] let and rented said premises to the said Reginald L. Weeks [the prosecutor] for an indefinite period, at the monthly rental of $125.

"Deponent further says that the said Reginald L. Weeks has heretofore been guilty of a violation of the provision of 'An act concerning intoxicating liquors used or to be used for beverage purposes' (*Pamph. L.* 1922, *ch.* 255, *p.* 616), and that he unlawfully had in his possession quantities of intoxicating liquor upon the premises aforesaid.

"Deponent further says that on the 22d day of July, 1924, he caused to be served a written notice on the said Reginald L. Weeks, personally, by reading the same to him and handing him a copy thereof, to the effect that he had elected to declare said lease forfeited, and demanding and requiring the said Reginald L. Weeks to deliver unto him the possession of said premises at the expiration of five days from the date when said notice was served. A copy of said notice of forfeiture and demand for possession is attached hereto and by this reference thereto made a part hereof;" that the said Weeks has not vacated the premises and surrendered possession thereof to deponent, and has wholly refused to do so, and remains in possession," &c.

The cause was tried before a jury and a verdict directed for the landlord, and judgment of eviction was entered accordingly.

The prosecutor sued out a writ of *certiorari,* under which he presents the following reasons for reversal of the judgment:

1. Because the said District Court had no jurisdiction to hear and determine the cause.

2. Because section 14 of "An act concerning intoxicating liquors used or to be used for beverage purposes" is unconstitutional, as the title to the act cannot support a change of the relative rights and liabilities of landlords and tenants.

3. Because the court was without jurisdiction to direct a verdict in favor of the defendant.

4. Because the said proceedings are irregular, illegal, oppressive and unjust.

We do not deem it to be necessary to consider the constitutional question attempted to be raised. We do not underestimate its importance. We need, however, under the facts of case, to go

no farther than to consider, whether or not, assuming that the sections of the statute relating to proceedings to be taken by landlords against tenants violating section 14 of the statute are constitutional, the affidavit upon which the proceedings were founded sets forth the jurisdictional facts prescribed by the statute in order for the court to have acquired jurisdiction—that is, to hear and determine the cause. We think the affidavit fails in this essential respect. The averment that the said "Reginald L. Weeks has heretofore been guilty of a violation of the provisions of 'An act concerning intoxicating liquor used or to be used for beverage purposes' [*Pamph. L.* 1922, *ch.* 255, *p.* 615], and he unlawfully had in his possession quantities of intoxicating liquor upon premises aforesaid," is clearly a conclusion from undisclosed facts. No time is stated when such liquors came into his possession upon the premises, for aught that the affidavit discloses it might have been before the act of 1922 came into existence. No date is given. The liquor might have been acquired before the eighteenth amendment became effective. Facts should be stated from which a court may be apprised that the possession is unlawful, for the *unlawfulness of the possession* is the gist of the charge.

It is to be observed that the statute concerns only liquor used or to be used for beverage purposes. The tenth section of the act, one of the preceding sections, provides that unlawful possession of intoxicating liquor, even for beverage purposes, shall not be applicable to liquor lawfully acquired and possessed in a private dwelling, and used only for the personal consumption of the owner of such liquor, or his family residing in such dwelling, or for his guest therein.

Since a violation works a forfeiture, nothing will be intended which is not clearly expressed in the affidavit.

Because the affidavit failed to set forth facts from which it was made to appear that the possession of the liquor by the prosecutor was unlawful, and that he possessed it for one of the purposes forbidden by the statute, the District Court acquired no jurisdiction of the cause, and the proceedings must therefore be set aside.

Judgment is reversed, with costs.